1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| MANATRON, INC. dba THOMSON REUTERS TAX & ACCOUNTING, GOVERNMENT, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY, a governmental subdivision of Washington State; COWLITZ COUNTY, a governmental subdivision of Washington State; and TYLER TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

19

20    Manatron, Inc. dba Thompson Reuters Tax & Accounting ("TRTA") for its complaint

21  against Snohomish County, Cowlitz County and Tyler Technologies, Inc. ("Tyler") states and

22  alleges as follows:

23                          I.     NATURE OF ACTION

24    1.1    This action seeks temporary, preliminary and permanent injunctive relief against

25  Snohomish County and Cowlitz County ("Counties") pursuant to RCW 7.40.020,

26  RCW 19.108.020, FRCP 65 and 17 U.S.C. § 502(a) to prevent the Counties from providing

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

TRTA's copyrighted proprietary and trade secret information to Tyler that submitted a Public

Records ACT ("PRA") request to obtain such information from the Counties.

II.     PARTIES

2.1     Plaintiff TRTA is a Michigan corporation.  TRTA has developed and sold

certain proprietary property assessment and taxation software to governments across the United

States, including to Snohomish County.

2.2     Snohomish County is a governmental subdivision of the State of Washington.  It

has its principal offices at 3000 Rockefeller Avenue, Everett, WA 98201.

2.3     Cowlitz County is a governmental subdivision of the State of Washington.  It

has its principal offices at 207 Fourth Avenue North, Kelso, WA  98626.

2.4     Tyler is named as a defendant because it is the requester of the records that are

the subject of this action.  *See Burt v. Dept. of Corr.*, 168 Wn.2d 828, 231 P.3d 191 (2010).

Tyler is a Delaware corporation.

III.    JURISDICTION AND VENUE

3.1     This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

§ 1332 on the grounds of diversity and 28 U.S.C. § 1331 federal question.  TRTA is a Michigan

corporation.  Snohomish County and Cowlitz Counties are domestic state agencies located in

the State of Washington.  Tyler is a Delaware corporation.  The amount in controversy far

exceeds the statutory minimum, as TRTA reasonably estimates its potential loss from the

public disclosure of its response to a request for proposal ("RFP") from Snohomish County to

exceed half a million dollars because such disclosure could jeopardize obtaining the final

contract.  Further, TRTA expects that disclosure of its confidential responses to RFPs from the

Counties will result in the loss of future customer contracts to its competitors.

3.2     Venue is proper in the Western District of Washington under 28 U.S.C.

§ 1391(b)(1) and (b)(2), because Defendant Counties are located within the Western District of

Washington, the events complained of occurred in the Western District of Washington, and the

COMPLAINT FOR INJUNCTIVE RELIEF - 2

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1    threatened harm will occur there if not enjoined.  Finally, the copyrighted, trade secret records

2    that TRTA seeks to protect is held by Defendant Counties in a location within the Western

3    District of Washington.

4                                        IV.    FACTS

5         4.1     TRTA is in the business of developing certain property assessment and taxation

6    software that it markets to government entities across the United States.

7         4.2     Since 1998 TRTA has provided property tax software to Snohomish County.

8    Section 3.2 in TRTA's current contract with Snohomish County contains a confidentiality

9    provision that requires Snohomish County to keep confidential, and to protect against the

10   disclosure of, TRTA's trade secrets associated with the current TRTA programs provided to

11   Snohomish County.  Section 3.1 of the current Snohomish County contract reserves all of

12   TRTA's rights and title in the intellectual property rights of TRTA software and software

13   documentation, including copyright.

14        4.3     Snohomish County issued a request for proposal (RFP #21-16SB) on August 24,

15   2016 for new property assessment and taxation software.  On October 5, 2016, TRTA

16   submitted an extensive response to this RFP ("Response").  Tyler also submitted a response to

17   RFP #21-16SB.

18        4.4     Cowlitz County issued RFP #05-2016 for an assessment and Taxation System.

19   TRTA submitted a Response to this RFP in May 2016. Cowlitz County did not select TRTA

20   for RFP #05-2016

21        4.5     Snohomish County notified TRTA that it had submitted the winning response to

22   RFP #21-16SB.  Before the final contract can be negotiated and executed between the parties

23   TRTA needs to perform a "fit gap assessment", which is a separate process that allows

24   Snohomish County to confirm that the RFP Response will meet the county's needs.  TRTA

25   estimates it will take several months to go through this process and to negotiate a final contract.

26

COMPLAINT FOR INJUNCTIVE RELIEF - 3

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

4.6     May 23, 2017, TRTA received a notice from Jennifer Koontz, a public records specialist within the Snohomish County Department of Finance, that a request had been submitted for TRTA's Response to RFP #21-16SB from Tyler.  Snohomish County advised that the TRTA Response would be released if an order enjoining its release was not obtained by June 8, 2017.  Snohomish County and Tyler agreed to extend the deadline for obtaining a court order enjoining the release of TRTA's Response from June 8 until June 22, 2017.  Attached as Exhibit A is a copy of the third-party notice TRTA received from Ms. Koontz and the PRA request from Tyler, and the third-party notice from Cowlitz County.

4.7     On May 11, 2017, TRTA received a notice from Terry McLaughlin, Cowlitz County Assessor, that a request had been submitted for TRTA's Response to RFP #05-2016. Cowlitz County advised that the TRTA Response would be released if an order enjoining its release was not obtained by June 30, 2017.

4.8     Tyler is one of the key competitors to TRTA with respect to sales of property assessment and taxation software.  On its website, Tyler states that it is "the largest company in the country solely dedicated to providing software and services to the public sector."

4.9     There are no more than five providers of property assessment and taxation software in the country.  It is a highly-competitive, small segment offering specialized software to local governments.

4.10    To respond to RFP #21-16SB, TRTA offered its unique property assessment and taxation software called AUMENTUM.  This product brings together a CAMA (Computer-Assisted Mass Appraisal) System, assessment administration tax billing and collection into a browser-based software product. It represents the latest advancement in web-based technology that supports the property tax life cycle, from recording of real estate records, to appraisal, assessment and taxation of real, business and personal property.   To respond to RFP#05-2016 TRTA offered a different product, its T2 Solution, which is also a unique, proprietary assessment and taxation system, developed and owned by TRTA, which did not receive the

COMPLAINT FOR INJUNCTIVE RELIEF - 4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1    award for this RFP.

2        4.11    TRTA owns the two Responses at issue here and never relinquished any

3    intellectual property rights, including the copyrights in each Response.  Neither Snohomish nor

4    Cowlitz have any property right in the TRTA Responses including, but limited to, the copyright

5    in the Responses.

6        4.12    Portions of TRTA's Responses contain trade secrets protected under

7    Washington's Uniform Trade Secrets Act ("UTSA"), RCW 19.108.010 *et seq*.  These portions

8    contain TRTA's patterns, programs, devices, methods techniques and processes for Aumentum

9    and the T2 Solution, which are some of TRTA's proprietary property assessment and taxation

10   software products.  These portions will be referred to as "TRTN's Trade Secrets."

11       4.13    A competitor like Tyler would gain a tremendous competitive advantage if it

12   could obtain a copy of the Releases and TRTA's Trade Secrets.  Tyler would be given TRTA's

13   game plan:  what it offers, how it offers it and implements it.  For instance, TRTA's Releases

14   and Trade Secrets would provide Tyler with valuable implementation information that TRTA

15   uses in deploying its products.  Tyler would gain specific response time and customer support

16   commitments, full information about each product's technical requirements, configurations and

17   software operating platforms and the Aumentum unique SQL performance management guide.

18       4.14    None of the information in TRTA's Trade Secrets is commonly available

19   elsewhere.  This information cannot be replicated by TRTA's competitors.  There are no other

20   comparable products on the market.

21       4.15    TRTA's Trade Secrets have tremendous independent economic value because

22   TRTA's competitors do not know them and cannot get them.  If they could, they would be able

23   to obtain a tremendous competitive advantage in responding to future requests for proposals

24   from governments across the country.  Tyler could tailor its response to undercut TRTA

25   because it will know TRTA's offerings.  In short, Tyler could use TRTA's Trade Secrets to

26

COMPLAINT FOR INJUNCTIVE RELIEF - 5

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1   inform its business decisions, product choices, promotions, pricing, marketing, and virtually

2   provide a competitive roadmap to TRTA's strategic product direction.

3       4.16    TRTA takes reasonable measures to maintain the secrecy of its Trade Secrets.

4   TRTA has been in a longstanding, cooperative relationship with Snohomish County for almost

5   20 years governed by its contract, which contains a confidentiality and ownership provisions.

6   During that time period, Snohomish County has never disclosed anything that TRTA has

7   considered to be confidential or proprietary.  Given this longstanding relationship, based upon

8   the confidentiality provision, TRTA developed a reasonable expectation that Snohomish

9   County would protect the confidential proprietary data contained in TRTA's Response.  This is

10  evidenced by Snohomish County's provision of the third-party notice on May 23, 2017, which

11  recognizes that TRTA's Response contains proprietary information.

12      4.17    In addition, TRTA also maintains internal controls to protect the confidentiality

13  of its proprietary information. The Aumentum  and T2 Solution products were developed by an

14  internal team subject to confidentiality agreements.  Access to key features of these products is

15  limited to a group who "needs to know" so the products can be sold and, once sold,

16  implemented.

17      4.18    Release of TRTA's Trade Secrets by the Counties will cause significant harm to

18  TRTA.  First, such release could allow Tyler to undermine the award of the Snohomish County

19  contract to TRTA.  This contract has a value to TRTA of over $500,000 and has not yet been

20  negotiated and executed.  Armed with knowledge of TRTA's Trade Secrets, Tyler could very

21  well intercede with a challenge to the award to TRTA before the contract is final. Second, once

22  released in public TRTA's Trade Secrets could advise Tyler and other competitors to be able to

23  preemptively respond to future responses to requests from other governmental agencies across

24  the country.

25      4.19    TRTA competes with Tyler on a national basis.  It is impossible to calculate the

26  economic damage TRTA would suffer from the competitive disadvantage that it would suffer

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1    from disclosure of TRTA's Trade Secrets.  Once a trade secret is released in public it is

2    impossible to get it back.

3         4.20    If TRTA's Trade Secrets are publicly disclosed, TRTA would suffer a

4    substantial and irreparable competitive disadvantage, which would substantially impair its

5    business.

6         4.21    Disclosure of the requested information is clearly not in the public interest

7    because the Washington State Legislature has declared as a matter of public policy that

8    disclosure of trade secrets and other confidential and proprietary information must be protected

9    from unnecessary disclosure.

10        4.22    The Washington Supreme Court has declared that "the public records act may

11   not be used to acquire knowledge of a trade secret."  *Confidential Tribes of Chehalis*

12   *Reservation v. Johnson*, 135 Wn.2d 734, 738, 958 P.2d 260 (1998).  Therefore, disclosure of

13   TRTA's Trade Secrets pursuant to a public records request would not be in the public interest.

14        4.23    TRTA owns the copyright to the Responses to the Counties.  Under 17 U.S.C.

15   § 106, TRTA retains the exclusive right to control the distribution of its copyrighted works.

16   Distribution without TRTA's consent would infringe upon TRTA's exclusive rights.

17        4.24    TRTA does not consent to the distribution of its copyrighted Responses to Tyler

18   or any third-party requester seeking them pursuant to the PRA.

19        4.25    TRTA will be harmed if the Counties distribute its Responses, which constitutes

20   an unauthorized appropriation by the Counties of <u>all</u> of TRTA's Responses, and an

21   infringement of TRTA's copyright.

22        4.26    TRTA will suffer great harm from distribution of the entirety of its Responses to

23   an economic competitor, which will substantially and materially impact the actual and potential

24   market for TRTA's products.

25

26

COMPLAINT FOR INJUNCTIVE RELIEF - 7

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1

## V.    CLAIM FOR INJUNCTIVE RELIEF:

2    *1.    Injunctive Relief May Be Granted Pursuant to the UTSA and FRCP 65.*

3    5.1    The allegations contained in paragraphs 1.1 through 4.20 above are incorporated

4    here by reference.

5    5.2    TRTA has a clear legal or equitable right to enjoin disclosure of its proprietary

6    information and trade secrets, as well as a well-grounded fear of invasion of that right and has

7    established a likelihood of success on the merits.

8    5.3    Unless the Counties are temporarily, preliminarily, and thereafter permanently,

9    enjoined from releasing TRTA's Trade Secrets, TRTA will be substantially and irreparably

10    harmed.

11    5.4    TRTA has no adequate remedy at law to prevent the harm that will result if the

12    Counties were to publicly release TRTA's Trade Secrets and the balance of equities tips in

13    TRTA's favor.

14    5.5    The public interest clearly does not favor such disclosure.

15    5.6    Accordingly, pursuant to RCW 7.40.020, RCW 19.108.52, and FRCP 65, TRTA

16    is entitled to a temporary restraining order, and thereafter preliminary and permanent

17    injunctions, enjoining the County from disclosing its Trade Secrets.

18    *2.    Injunctive Relief May Be Granted Under the Copyright Act.*

19    5.7    The allegations contained in paragraphs 1.1 through 4.20 above are incorporated

20    here by reference.

21    TRTA has a clear legal or equitable right to enjoin infringement of its copyright

22    in its Responses to the Counties, as well as a well-grounded fear of invasion of that right and

23    has established a likelihood of success on the merits.

24    5.8    Unless the Counties are preliminarily, and thereafter permanently, enjoined from

25    infringing TRTA's copyright in its Responses to the Counties, TRTA will be substantially and

26

COMPLAINT FOR INJUNCTIVE RELIEF - 8

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

irreparably harmed because of the actual and potential market loss from providing these copyrighted materials to a competitor.

    5.9    TRTA has no adequate remedy at law to prevent the harm that will result if the Counties were to provide TRTA's copyrighted Responses to the Counties to its competitor.

    5.10    The public interest clearly does not favor such disclosure.

    5.11    Accordingly, pursuant to 17 U.S.C. § 502(a) and FRCP 65, TRTA is entitled to a temporary restraining order, and thereafter preliminary and permanent injunctions, enjoining the Counties from infringing TRTA's copyrights in its Responses to Counties by providing them to a competitor.

## VI.   REQUEST FOR RELIEF

WHEREFORE, TRTA requests relief in its favor and against Snohomish County as follows:

    1.    A temporary restraining order, preliminary injunctive relief, and permanent injunctive relief prohibiting Snohomish County from disclosing TRTA's Trade Secrets; and

    2.    Such other and further relief as the Court may deem just and equitable.

DATED this 22 nd day of June, 2017.

GARVEY SCHUBERT BARER

By  *s/Judith A. Endejan*
    Judith A. Endejan, WSBA #11016
    1191 Second Ave., Ste. 1800
    Seattle, WA  98101
    206-816-1351
    jendejan@gsblaw.com

    Attorneys for Plaintiff

GSB:8792965.1 [23806.00100]

COMPLAINT FOR INJUNCTIVE RELIEF - 9

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939